# MAYER | BROWN

Mayer Brown LLP
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
United States of America
T: +1 213 229 9500
F: +1 213 625 0248
mayerbrown.com

**Daniel D. Queen**
Partner
T: +1 213 229 9500
dqueen@mayerbrown.com

May 16, 2022

**BY ECF**

Honorable Nelson S. Román
U.S. District Court for the Southern District of New York
300 Quarropas Street, Courtroom 218
White Plains, NY 10601-4150

    Re:    *Telesco v. Starbucks Corporation*, No. 7:22-cv-2687-NSR

Dear Judge Román:

Pursuant to the Court's Rules, we write on behalf of defendant Starbucks Corporation to request a pre-motion conference regarding Starbucks' proposed motion under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's complaint.

## I.    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE DECEPTION AND DAMAGES

Starbucks© Cold Brew Coffee Concentrate allows consumers to prepare a delicious iced coffee at home—of *any* size—by mixing the concentrate with water in a 1:1 ratio, served with ice.



The product label contains clear and prominent suggested preparation directions for consumers (shown in green at left): combine 4 ounces of concentrate with 4 ounces of water and pour over a cup filled with ice. Compl. ¶ 7. As the label also clearly confirms (shown in blue at left), *when prepared as directed*, each bottle makes 8 servings. *Id.* Moreover, the directions provide that a larger serving can be made by using a 1:1 ratio of concentrate to water.

The net contents disclosure on the label (circled in red at left) states that each bottle contains 32 ounces of concentrate. *Id.* Significantly, Plaintiff does not allege that the package does not contain 32 ounces or that, when prepared as directed, there are not the stated 8 servings of Cold Brew Coffee in a 32 ounce bottle.

Honorable Nelson S. Román
May 16, 2022
Page 2

To survive a motion to dismiss, plaintiff must plausibly allege that the challenged label statement is "materially misleading"—*i.e.*, that it is "likely to mislead a reasonable consumer acting reasonably under the circumstances"—and that he suffered a resultant injury. *See Kommer v. Bayer Consumer Health*, 710 Fed. App'x. 43, 44, (2d Cir. 2018) (GBL claims governed by the reasonable consumer standard); *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 185 (E.D.N.Y. 2018) (breach of express warranty claim is governed by same reasonable consumer standard as GBL claims). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Plaintiff's allegations fall well short of that standard.

To create deception where none exists, plaintiff relies on federal regulations and FDA's "reference amount customarily consumed" ("RACC") per eating occasion of "Coffee or tea, flavored and sweetened." As shown in the Nutrition Facts box (pictured on next page), the RACC-based as-prepared serving size is 360 ml for an as-prepared drink, or 12 ounces.[1] Compl. ¶ 4. Plaintiff then uses the RACC-based serving size of 12 ounces from the Nutrition Fact box and combines it with the entirely distinct 8 servings from the separate suggested preparation directions. Plaintiff then concludes there is not enough concentrate in the bottle to make 8 12-ounce servings; the bottle will only make 5 12-ounce servings. Compl. ¶ 6; *see also* image on next page. On that mix-and-match record—mixing a serving size from the back-of-pack Nutrition Fact box with the number of servings from the separate side panel suggested preparation directions to come up with something, *i.e.*, 8 12-ounce as-prepared servings, that the label *never* states—plaintiff alleges that the Cold Brew Coffee Concentrate bottle is "underfilled" by 12 ounces. *See* Compl. ¶ 8.

But no reasonable consumer could be deceived in that way. The common-sense suggested preparation directions clearly inform consumers that *if* they use ***4 ounces*** of concentrate in a 1:1 ratio with water (added to a cup with ice) they can make ***8 servings***. And a 32 ounce bottle has enough product to make 8 servings prepared in that manner. Plaintiff does not identify anything

---

[1] A serving size, based on FDA's RACC, is included in the Nutrition Facts box as the measurement for which the nutrition information is stated, *e.g.*, 2 g carbohydrates per serving. Nutrition Facts box serving sizes are standardized (via federal regulation) between like foods so that the nutrition information can be compared. While the standardized serving size used in the Nutrition Facts box reflects an average amount people typically eat or drink, it is *not* a recommendation, let alone a requirement, of how much a consumer should eat or drink. *See generally How to Use and Understand the Nutrition Facts Label*, https://www.fda.gov/food/new-nutrition-facts-label/how-understand-and-use-nutrition-facts-label. Separate suggested preparation directions are not in any way prohibited by food labeling law or consumer deception law, and Starbucks certainly can provide suggestions in that regard. And nothing about the purposes of the Nutrition Fact box, its serving size, or its nutrition information are in any way undermined or rendered false or deceptive by separate suggested preparation directions. Significantly, plaintiff can consume the Cold Brew Coffee Concentrate in any serving size he chooses—including a single 64-ounce as-prepared super serving.

Honorable Nelson S. Román
May 16, 2022
Page 3

false about any of that, nor could he. Plaintiff's convoluted theory of deception does not address the clear 4-ounce-of-concentrate suggested preparation directions and how it is that *those* directions result in 8 servings.



Likewise, plaintiff never alleges that he reviewed the Nutrition Facts box or that he got his information about the serving size from the Nutrition Facts box. But even if he had, the Nutrition Facts box (shown at left) states clearly that—when using the RACC-based 12-ounce serving size—the bottle can makes 5 servings per container. In other words, if you are going to use the Nutrition Facts box serving size, the number of servings would be *5*, not 8.

Again, the only potential way consumers could be confused in the manner alleged by plaintiff is if they:

- Use the back-of-pack Nutrition Facts box serving size (12-ounce as-prepared serving size);

- *ignore* the servings-per-container statement associated with *that* serving size (5 servings);

- combine the Nutrition Facts box serving size (12 ounces) with the 8 servings-per-container statement from the separate suggested preparation directions from an entirely different label panel; *and*

- *ignore* the 8-ounce serving size associated with *that* servings-per-container number.

Not only would a reasonable consumer not be deceived in that way, but there is no indication anywhere in the complaint that *plaintiff himself* was deceived in that manner. Nor could he. Again, if he reviewed the product label and suggested preparation directions sufficient to see the 8 servings per container he would also see that the 8 servings *were based on 4 ounces of concentrate and an 8-ounce as prepared serving. See* Compl. ¶ 9. And if he viewed the Nutrition Facts box and its 12-ounce serving, he would see that the bottle makes 5 as-prepared servings per *that* serving size. Both the suggested preparation directions and the Nutrition Fact box inform consumers exactly how many total serving there are based on the *respective serving sizes* stated at each location. Under New York law, consumers are held to labels as written and are not free to re-write the label and then claim deception.

For these same reasons, plaintiff does not plausibly allege that he suffered an economic injury or a breach of warranty. He bargained for and received 32 fluid ounces of product, which can make 8 8-ounce as-prepared servings or 5 12-ounce as-prepared servings.

Plaintiff also lacks standing to obtain injunctive relief because he is now well aware of the alleged deception. *Berni v. Barilla S.P.A.*, 964 F.3d 141, 146-47 (2d Cir. 2020).

Honorable Nelson S. Román
May 16, 2022
Page 4

                                                          Respectfully,

                                                          */s/ Daniel D. Queen*

cc: Counsel of Record (by ECF)